USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/5/2021

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

RED HAWK, LLC,

               Plaintiff,

   v.

COLORFORMS BRAND LLC,

               Defendant.

Civil Action No.
20 Civ. 9032 (VEC)

---

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order, including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Designation of Discovery Materials as "Confidential"**

1. Any person subject to this Order who receives from any other person any information or documents of any kind provided in the course of discovery in this action ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order (a "Receiving Party") shall maintain in confidence and not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. Any party or non-party producing Discovery Material (a "Producing Party") may designate as "Confidential" any such material or portion thereof that contains non-public business,

commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the Producing Party, seriously harm the Producing Party's business, commercial, financial, or personal interests or cause the Producing Party to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. A Producing Party may redact or designate as Confidential Discovery Material of a non-party that is in its possession if the Producing Party is under an obligation not to disclose such information.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a Producing Party realizes that some portion of Discovery Material that that Producing Party previously produced without limitation should be designated as "Confidential," the Producing Party may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.  In addition, the Producing Party shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within fourteen (14) days of providing such notice.

**Treatment and Disclosure of Confidential Discovery Materials**

6. Each Receiving Party who has access to Confidential Discovery Material shall maintain the same in strict confidence, shall take precautions to prevent the unauthorized or inadvertent disclosure of such material, and shall not use it except in connection with the action or appeal thereof.

7. Confidential Discovery Material may be disclosed by a Receiving Party only to the following persons:

(a) Such officers and employees of the Receiving Party as counsel for that party deems necessary for the sole purpose of assisting in this action;

(b) the attorneys, paralegals, and clerical employees in the respective law firms or legal departments of the Receiving Party's inside or outside counsel working on this action;

(c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d) witnesses and their counsel to whom disclosure is reasonably necessary during their trial or deposition testimony in this action, provided such personal shall not be permitted to retain copies of such Confidential Discovery Material;

(e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action and the personnel employed by such person to assist with this action;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

(i) any other person whom the Producing Party, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

8. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs (d) or (e) of Paragraph 7, such person shall be provided by counsel with a copy of this Stipulated Confidentiality Agreement and Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto as Exhibit A, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Objections to Designations and Filing Confidential Materials**

9. Any person who objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, the objecting party shall be free to seek relief from the Court by using the procedures for discovery disputes set forth in Rule 3(B) of the Court's Individual Rules of Practice.

10. Any party seeking to file any Confidential Discovery Material in this action in redacted form or under seal shall comply with Federal Rule of Civil Procedure 5.2(a), the Southern District of New York's Standing Order Regarding Electronic Filing Under Seal in Civil and Miscellaneous Cases (19-mc-00583), and section 5(A) of this Court's Individual Rules of Practice.

**Inadvertent Disclosure of Privileged Materials**

11. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney- client privilege or attorney work product, a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If Producing Party makes a claim of inadvertent disclosure, all Receiving Parties shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. If a Receiving Party thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed in accordance with the procedures set forth in Paragraph 10 hereof, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

**Survival and Retention of Jurisdiction**

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed.

16. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

| | |
|---|---|
| CINQUE & CINQUE, P.C. | MERTZEL LAW PLLC |
| By: /s/ James P. Cinque | By: /s/ Nancy J. Mertzel |
| James P. Cinque | Nancy J. Mertzel |
| 355 Lexington Avenue, 8th Floor | 5 Penn Plaza, 19th Floor |
| New York, New York 10017 | New York, New York 10001 |
| (212) 759-5515 | (646) 965-6900 |
| Attorneys for Plaintiff | Attorneys for Defendant |

**SO ORDERED.**

Dated: March 5, 2021, 2021
      **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RED HAWK, LLC,

                Plaintiff,

    v.

COLORFORMS BRAND LLC,

                Defendant.

Civil Action No.
20 Civ. 9032 (VEC)

## **NON-DISCLOSURE AGREEMENT**

      I, _____ [print name], acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not use such Confidential Discovery Material except to assist Receiving Party in connection with the Action. I will not disclose such Confidential Discovery Material to anyone except as permitted by the Protective Order, and at the conclusion of the litigation I will return all Discovery Material to the party or attorney from whom I received it.

      By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____          _____
                                                                        [Signature]