UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RED HAWK, LLC,

                  Plaintiff,

-v-

COLORFORMS BRAND LLC, OUT OF THE BLUE
ENTERPRISES, LLC, and OOTB PRODUCTIONS, INC.,

                  Defendants.

CIVIL ACTION NO.: 20 Civ. 9032 (JHR) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Before the Court are the parties' requests to seal exhibits in connection with Defendants' pending partial motion for summary judgment (ECF No. 85 (the "MSJ")). (ECF Nos. 94; 99; 100; 101; 108 (the "Sealing Requests")). For the reasons set forth below, the Sealing Requests are GRANTED.

The Second Circuit has articulated a three-step process for determining whether documents should be sealed in light of the common law right of access. First, the common law right of public access only attaches to "judicial documents"—those "'relevant to the performance of the judicial function and useful in the judicial process.'" Liu v. Nielsen Co. (US) LLC, No. 22 Civ. 9084 (JHR), 2023 WL 3750116, at *1 (S.D.N.Y. June 1, 2023) (quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006)).[1] "A document is 'relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court

---

[1] Internal quotation marks and citations are omitted from case citations unless otherwise indicated.

ultimately rules or whether the document ultimately in fact influences the court's decision.'" Id. (quoting Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019)).  Second, after determining that the documents are judicial documents to which the "common law presumption of access attaches," the court must "determine the weight of that presumption."  Lugosch, 435 F.3d at 119.  "When a document plays a role in a court's adjudication of litigants' substantive rights . . . the presumption is strong, but '[a]s one moves along the continuum, the weight of the presumption declines.'"  AngioDynamics, Inc. v. C.R. Bard, Inc., No. 17 Civ. 598 (BKS) (CFH), 2021 WL 776701, at *2 (N.D.N.Y. Mar. 1, 2021) (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)).  Third, the court must balance any "competing considerations" against the weight of the presumption of access."  Lugosch, 435 F.3d at 120.  When weighing privacy interests, courts consider "the degree to which the subject matter is traditionally considered private rather than public."  Amodeo, 71 F.3d at 1051.

Here, the parties request partial sealing, i.e., redaction, of: (1) license agreements between Defendants Colorforms Brand LLC ("Colorforms Brand") and a non-party (ECF Nos. 95-8; 95-9; 96-1; 96-2); (2) a royalty percentage that appears in the memorandum of law of Plaintiff Red Hawk, LLC ("Red Hawk") in opposition to the MSJ (ECF Nos. 97 at 12; 102 at 12); (3) the Reply Declaration of Maryann Comuniello and Exhibits (ECF Nos. 103; 103-1 – 103-5; 109; 109-1 – 109-5); and (4) the Reply Declaration of Kyra Halperin and Exhibits (ECF Nos. 104; 104-1 – 104-3; 110; 110-1 – 110-3)(collectively, the "MSJ Documents")).  (See ECF Nos. 94; 99; 100; 101; 108).  The parties assert that the information they seek to redact in the MSJ Documents consist of confidential royalty rates between Colorforms Brand and a third party, the identities of Colorforms Brand's licensees and licensors, financial terms of a contract between Colorforms

Brand and a third party, and confidential sales information.  (ECF Nos. 94 at 1; 99 at 1; 100 at 1; 101 at 1; 108 at 3).

Applying the three-part test set forth above, the Court first finds that the MSJ Documents are judicial documents and that a strong presumption of public access applies.  "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches[.]"  Lugosch, 435 F.3d at 121.  As to the second factor, the Second Circuit has instructed that the weight of the presumption of public access to summary judgment documents "is of the highest: documents used by parties moving for, or opposing, summary judgment, should not remain under seal absent the most compelling reasons."  Id. (emphasis omitted).

Turning to the third factor, courts commonly find that documents containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" reflect important privacy interests that satisfy the sealing standard.  Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018).  Nevertheless, "assert[ions] in broad terms" that "do not explain why any particular document . . . is 'proprietary,' or a 'trade secret,' or why its disclosure could otherwise cause competitive harm" are "not sufficiently specific to justify sealing."  Palomo v. DeMaio, No. 15 Civ. 1536 (LEK) (TWD), 2018 WL 5113133, at *2 (N.D.N.Y. Oct. 19, 2018).  Here, the parties propose limited redactions that would seal specific pricing and sales figures, and those redactions are sufficiently narrowly tailored to protect competitively sensitive information without depriving the public of meaningful access.  See AngioDynamics, 2021 WL 776701, at *6 (permitting sealing of pricing, sales, and revenue figures and collecting cases).  Similarly, as non-

parties to this litigation, Colorforms Brand's contractual counterparties—including licensees and licensors—have a legitimate privacy interest that "should weigh heavily in a court's balancing equation[.]" Application of Newsday, Inc., 895 F.2d 74, 79–80 (2d Cir. 1990); see Rowe v. Google LLC, No. 19 Civ. 8655 (LGS), 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (granting sealing of identities of customers, clients, strategic business initiatives, and other sensitive commercial information).  Finally, the Honorable Valerie E. Caproni previously granted a request to seal royalty information (ECF No. 82 at 12), and the parties' request to redact similar figures from the MSJ Documents are consistent with that order and narrowly tailored.  In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. and Versys Femoral Head Prod. Liab. Litig., No. 18 MD 2859 (PAC), 2021 WL 4706199, at *4 (S.D.N.Y. Oct. 8, 2021) (permitting narrowly tailored redaction of information previously ordered sealed).

For the reasons set forth above, the Sealing Requests are GRANTED.  The documents at ECF Nos. 96, 97, 109, and 110 shall remain visible to the selected parties only.

The Clerk of Court is respectfully directed to close ECF Nos. 94, 99, 100, 101, and 108.

Dated:     New York, New York
           February 9, 2024

                              SO ORDERED.

                              _____
                              **SARAH L. CAVE**
                              **United States Magistrate Judge**